SUCESORES DE A. MAYOL & CÍA., INC., demandante y apelante, *v.* R. SANCHO BONET, como TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 7275.—*Sometido:* Enero 12, 1937. *Resuelto:* Marzo 18, 1937.

*J. J. Ortiz Alibrán,* abogado de la apelante; *Hon. Procurador General B. Fernández García* y *R. Cordovés Arana, Primer Procurador General Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Sucrs. de A. Mayol & Co., Inc., entabló demanda en la Corte de Distrito de San Juan contra el Tesorero de Puerto Rico en abril 20, 1935, ejercitando tres causas de acción.

En el caso de la primera causa de acción la contribución reclamada se pagó bajo protesta en febrero 6, 1934, solicitando el contribuyente del Tesorero el 16 de junio siguiente el reintegro de la cantidad pagada bajo protesta, invocando las secciones 64 (*a*), 75 y 76 (*b*) de la Ley núm. 74 de 1925

(pág. 401). En junio 21, 1934, el Tesorero negó el reintegro. Apeló el contribuyente a la junta y ésta confirmó la resolución del Tesorero por resolución de julio 20, 1934, notificada en marzo 5, 1935.

En el caso de la segunda causa de acción y en el de la tercera se pagaron de igual modo bajo protesta las deficiencias en febrero 6, 1934, y se reclamó en la misma forma que se reclamara en cuanto a la primera causa de acción.

El demandado excepcionó la demanda "porque ni dicha demanda ni sus distintas causas de acción aducen hechos constitutivos de causa de acción a favor de la demandante y en contra del demandado, porque las acciones en ellas ejercitadas están prescritas de acuerdo con las disposiciones de la sección 76 de la Ley núm. 74 de agosto 6 de 1925, por cuanto aparece de la faz de la demanda que la misma se interpuso en abril 20 de 1935, o sea después de transcurrido un período de más de treinta días a contar del 6 de febrero de 1934, fecha del pago bajo protesta de la contribución que se reclama, o a contar del cinco de marzo de 1935, fecha en que la demandante fué notificada de la resolución de la Junta de Revisión e Igualamiento confirmando la decisión del Tesorero de Puerto Rico negando la petición de reintegro; y también de acuerdo con las disposiciones contenidas en la sección 3 de la Ley núm. 8 de 19 de abril de 1927 (pág. 123), porque aparece de la faz de la demanda que la misma se interpuso en abril 20 de 1935, o sea después de haber transcurrido más de un año a contar de febrero 6 de 1934, fecha en que la demandante satisfizo bajo protesta las contribuciones que ahora reclama."

Oyó la corte a ambas partes y declaró con lugar la excepción y en su consecuencia dictó sentencia desestimando la demanda, sin especial condenación de costas.

No conforme, el contribuyente apeló. Insiste en su derecho a recurrir a los tribunales de acuerdo con las secciones 64, 75 y 76 de la Ley núm. 74 de 1925, no obstante recono-

cer como reconoce que entre el pago bajo protesta y la interposición de la demanda transcurrió no ya más de un mes si que más de un año.

Resolviendo la cuestión dijo en su resolución la corte sentenciadora:

"A nuestro juicio la contención de la demandante es errónea. La sección 64 (a) de la Ley de Contribuciones sobre Ingresos no hace otra cosa que crear un derecho a favor del contribuyente, autorizándolo a reclamar administrativamente del Tesorero, que le acredite a una contribución vencida y no pagada o se le reintegre si no tuviere tal contribución vencida, el montante de cualquier contribución sobre ingresos o beneficios excesivos que le haya sido ilegal o erróneamente cobrada, y que haya sido pagada por él bajo protesta.

"La sección 64 (b) dispone que no se concederá ningún crédito o reintegro después de cuatro años a partir de la fecha del pago bajo protesta, y en los párrafos siguientes continúa la ley exponiendo el procedimiento administrativo a que deberá ajustarse el contribuyente. Nada dice la sección 64 ni las que inmediatamente le siguen sobre procedimientos judiciales hasta que en la sección 76 (a) y bajo el título de 'Limitación de Pleitos y Procedimientos entablados por el Contribuyente', se dice: (Se transcribe.)

"El pleito o procedimiento a que se contrae la sección 76 (b) antes transcrita y que cita la demandante en apoyo de su contención, no es otro que el que se autoriza en la sección 76(a) que le precede, y el cual deberá establecerse dentro de los treinta días siguientes al pago bajo protesta. No puede referirse la sección 76 (b) al procedimiento administrativo autorizado por la sección 64, pues además de no mencionarse siquiera dicho procedimiento, la sección 64 se halla bajo otro título denominado 'Créditos y Reembolsos.'

"Sería una inconsistencia imperdonable por parte del legislador si después de conceder un término de 4 años a partir de la fecha del pago bajo protesta para reclamar la devolución de contribución, según interpreta la demandante la sección 64 (b), en la misma ley y en la sección 76 (a) limitase el término para establecer la acción a 30 días después del pago bajo protesta. Si interpretásemos la sección 64 (b) como pretende la demandante, resultaría además, que el término de prescripción dispuesto en la sección 76 (a) sería completamente inútil, pues aunque hubiesen expirado los 30 días a que se refiere dicha sección 76 (a) el contribuyente no perdería su derecho

de acción, puesto que con sólo radicar un escrito de reintegro al Tesorero dentro de los cuatro años siguientes al pago bajo protesta, tendría derecho a establecer la acción que le prohibe la sección 76 (*a*), interpretación que claramente es absurda.''

Y esta Corte Suprema, en el caso de *P. R. Fertilizer Co. v. Domenech, Tesorero,* 50 D. P. R. 405, 413, tras un estudio de las secciones de la ley sobre contribución sobre ingresos que aquí invoca el apelante, decidió:

''Bajo el estado actual de la ley, no encontramos que pueda el contribuyente sobre ingresos acudir a los tribunales de justicia sin pagar bajo protesta. Si dicho contribuyente no está conforme con la contribución, puede, dentro del término de treinta días de notificado, apelar a la Junta y obtener de ella que desestime en todo o en parte la deficiencia determinada por el Tesorero, tal como se prescribe en la sección 57 de dicha ley, y puede, si la resolución de la Junta le es adversa, pagar bajo protesta y acudir, dentro de los treinta días siguientes al pago, a los tribunales de justicia, ejercitando el derecho que le reconoce la sección 76 de la repetida ley de 1925. Puede además, aunque no hubiere pagado bajo protesta, si estima que la contribución se le impuso o cobró errónea o ilegalmente, y es injusta o excesiva, acudir al Tesorero y pedirle que usando de la autoridad que le concede el artículo 75 de la ley, le remita dicha contribución reintegrándole lo que hubiere pagado por ella, pero si la resolución del Tesorero le fuere adversa, no puede apelar de la misma para ante los tribunales de justicia.''

*Debe confirmarse la sentencia recurrida.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.